## CIRCUIT COURT OF FAIRFAX COUNTY

Tammy L. Friend-Hotter

v.

State Farm Ins. Co.

March 8, 1993

Case No. (Law) 109910

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before the Court on plaintiff's and defendant's motions for summary judgment. Upon review of the pleadings, including the Stipulation entered into between the parties and their respective motions for summary judgment, the oral argument before me on February 26, 1993, plaintiff's counsel's letter to me of February 26, 1993, and defendant's counsel's letter of March 3, 1993, I grant the defendant's motion for summary judgment and deny the plaintiff's motion for summary judgment.

On April 4, 1980, defendant issued a life insurance policy to Robert Michael Keene bearing a policy date of February 5, 1980. Mr. Keene was the Insured under the policy. The plaintiff was an Additional Insured. At the time Mr. Keene and the plaintiff were married. They were divorced in 1985.

The policy included two riders, an Additional Insured's Level Renewable Term Life Insurance Benefit Rider (the "Additional Insured Rider") and Children's Term Life Insurance Benefit Rider ("the Children's Benefit Rider").

In 1985 plaintiff married Joseph J. Hotter, Jr., and they had a daughter born March 1986. The daughter died of natural causes in November 1987. As a result, the deceased daughter was a natural child of plaintiff and Mr. Hotter, but was not a child, step-child, or a legally adopted child of the Insured, Mr. Keene. The issue is whether the child of plaintiff and Mr. Hotter is a child whose life was covered under the Children's Benefit Rider.

I find that the child was not covered by the terms of the policy and the Children's Benefit Rider. Under the Children's Benefit Rider, benefits are provided on the death of "any child, step-child, or a legally adopted child of the Insured . . . ." As the deceased child was not a child, step-child, or legally adopted child of the Insured, but rather was the child of the Additional Insured by a subsequent marriage, I find that there is no coverage.

Plaintiff relies on a provision in the Additional Insured Rider which provides that "Additional Insured" shall be substituted for "Insured." Plaintiff asserts such substitution also applies to the Children's Rider. I do not agree. I find that the substitution of "Additional Insured" for "Insured" in the Additional Benefit Rider is only "when these provisions apply to *this* Additional Benefit," meaning the benefits of the Additional Insurance Rider only. I do not find that the substitution applies to the Children's Rider as well.

For these reasons and for the additional reasons found in Mr. Steinhilber's memorandum in support of defendant's motion for summary judgment and his letter of March 3, 1993, the defendant's motion for summary judgment is granted and the plaintiff's motion for summary judgment is denied.